UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAILEY P., | |
| Plaintiff, | Case No. C24-1891-MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends that the administrative law judge ("ALJ") erred by misevaluating the medical opinion evidence and subjective symptom testimony, leading to an erroneous Residual Functional Capacity ("RFC") determination. (Dkt. # 9.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 13.) Plaintiff filed a reply. (Dkt. # 15.) Having considered the ALJ's decision, the administrative record ("AR"), and all memoranda of record, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 1

## II. BACKGROUND

Plaintiff was born in 1997, has a high school education, and has no past relevant work. AR at 27. In December 2021, Plaintiff applied for benefits, alleging disability as of March 2015. *Id.* at 216-19. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 109-10, 136. After the ALJ conducted a hearing in October 2023, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17-28, 53-80.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff's severe impairments include migraine headaches, gastrointestinal disorder, obesity, depressive disorder, anxiety disorder, posttraumatic stress disorder ("PTSD"), personality disorder, and somatic symptom disorder. AR at 20. She can perform light work with the following additional limitations: never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; occasionally stoop, kneel, crouch, and crawl; occasional exposure to noise greater than moderate; occasional exposure to extreme vibrations and hazards such as unprotected heights and dangerous machinery; no conveyor belt-paced production requirements; with standard work breaks provided; occasional interaction with co-workers and supervisors; and occasional, superficial interaction with the public. *Id.* at 22. She can perform work that exists in significant numbers in the national economy, and therefore, is not disabled. *Id.* at 27.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

---

[2] 20 C.F.R. § 416.920.

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

### IV.    DISCUSSION

A.    **The ALJ Did Not Err in Evaluating Medical Evidence**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). These findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

ORDER - 3

          1.      *Susana Escobar, M.D.*

In October 2023, Dr. Escobar opined that Plaintiff experienced weekly migraines and had significant functional limitations, including sitting for two hours at a time, standing or walking for one hour at a time, requiring frequent position changes and lie-down breaks, using braces for joint support, lifting or carrying no more than 20 pounds (5 pounds frequently), occasionally performing upper extremity tasks, working for one to two hours before needing a two-hour rest, and being persistently off-task or absent due to flare-ups lasting up to a week multiple times a month. AR at 1810-17.

The ALJ found Dr. Escobar's opinion unpersuasive, noting she had only recently begun treating Plaintiff and relied on symptom reports and new diagnoses that had not yet lasted 12 months and were not expected to persist. AR at 24-25. The ALJ also found her opinion unsupported by and inconsistent with Plaintiff's severe impairments, which did not support such strict exertional or sit/stand/walk limitations, particularly given that her physical exams showed no significant deficits in strength, range of motion, gait, or station. *Id.* (citing *id.* at 399-505, 545-89, 639-979, 1042-1704, 1823-45).

Plaintiff argues that the ALJ incorrectly discounted the support for Dr. Escobar's opinion. (Dkt. # 9 at 6-7.) An ALJ can disregard opinions not supported by the overall treatment notes or medical record. *See Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023) In this case, the ALJ reasonably concluded there was limited evidence backing Dr. Escobar's opinion, which largely relied on Plaintiff's own symptom reports and diagnoses that were not documented in the treatment records. AR at 24-25. Although Plaintiff claims her impairments are complex and hard to diagnose, that is not enough to prove harmful error. *See Shinseki*, 556 U.S. at 409.

Plaintiff also argues the ALJ was incorrect in determining that her severe impairments did not justify Dr. Escobar's conclusions. (Dkt. # 9 at 7.) The ALJ clarified that while Plaintiff's migraine headaches, gastrointestinal disorder, and obesity presented challenges, they did not substantiate the severe exertional and movement limitations suggested. AR at 24. This clarification reflects the ALJ's viewpoint that, despite the presence of severe impairments, the record supported only mild to moderate limitations from these conditions. Plaintiff has not alleged an error in this regard.

Moreover, Plaintiff contends it was an error for the ALJ to discount Dr. Escobar's opinion based on normal objective findings and conservative treatment. (Dkt. # 9 at 7-10.) The ALJ recognized discrepancies between Dr. Escobar's opinion of severe limitations and Plaintiff's normal findings in strength, range of motion, gait, and station. AR at 25 (citing *id.* at 399-505, 545-89, 639-979, 1042-1704, 1823-45). While Plaintiff asserts the ALJ neglected to consider the specific nature of fibromyalgia (dkt. # 9 at 8), the ALJ reasonably determined that fibromyalgia was not a severe impairment since Plaintiff did not meet the necessary criteria under social security regulations.[3] *Id.* at 20, 25. Thus, the ALJ justifiably found Dr. Escobar's opinion in conflict with Plaintiff's largely normal clinical findings and her positive response to conservative treatment.

---

[3] Plaintiff also contests the ALJ's decision to reject Dr. Escobar's fibromyalgia diagnosis. (Dkt. # 9 at 7-10.) The ALJ concluded that Dr. Escobar did not adequately document the bases for this diagnosis, such as identifying the necessary tender points or excluding other possible causes of the symptoms. AR at 20, 25. According to Social Security rules, a physician can diagnose fibromyalgia if the patient fulfills the criteria set by either the 1990 or 2010 American College of Rheumatology ("ACR") guidelines. *See* Social Security Ruling ("SSR") 12-2p, 2012 WL 3104869 (July 25, 2012). Dr. Escobar merely wrote "fibromyalgia: rheumatologist diagnosed" without detailing how Plaintiff met the ACR criteria. AR at 1811. Nor does Plaintiff refer to any evidence in the record that satisfies the ACR criteria. Because both criterions require a physician to exclude other potential causes of a claimant's pain, SSR 12-2p(II)(A)(3), (B)(3), the ALJ's determination that Dr. Escobar failed to do so establishes that Dr. Escobar's fibromyalgia diagnosis does not meet either criterion. *See Ford*, 950 F.3d at 1155 n.7.

ORDER - 5

        *2.*        *Jenna Yun, Ph.D.*

In November 2021, Dr. Yun performed a telephonic psychological evaluation of Plaintiff and provided a checkbox assessment that stated an overall severity rating of marked. AR at 1705-09. Specifically, she opined that Plaintiff had marked limitations in performing tasks on schedule, maintaining regular attendance, being punctual without special supervision, adapting to changes, communicating and behaving properly, and performing effectively. *Id.* at 1707. She also identified moderate limitations in understanding, remembering, persisting in tasks by following detailed instructions, and performing routine tasks without special supervision. *Id.*

The ALJ found Dr. Yun's opinion unpersuasive for several interrelated reasons. AR at 26. First, the ALJ noted that the opinion predated the amended onset date and was inconsistent with Plaintiff's contemporaneous mental health treatment records. *Id.* (citing *id.* at 512-33, 606-15, 987-1019). The ALJ further observed that during treatment for physical impairments, Plaintiff had not reported mental health symptoms and had normal psychiatric examinations. *Id.* (citing *id.* at 639-951, 1042-1611). Additionally, the ALJ highlighted that Dr. Yun had neither reviewed Plaintiff's medical records nor conducted an in-person evaluation, relying solely on a telephonic assessment.[4] *Id.* Finally, the ALJ pointed out that Plaintiff had denied substance use to Dr. Yun despite testifying to daily cannabis consumption. *Id.* (citing *id.* at 1706).

Plaintiff challenges the ALJ's consistency findings, arguing they are not supported by substantial evidence. (Dkt. # 9 at 11.) However, the ALJ highlighted treatment notes indicating that Plaintiff was stable on medication and that mental status examinations were typically normal

---

[4] Much like the ALJ's October 2023 hearing in this matter, Dr. Yun's assessment was conducted telephonically. AR at 17. The Commissioner cites no legal authority for the proposition that a medical opinion is less persuasive simply because it included information gleaned telephonically, and the Court has found none. Even assuming the ALJ erred in this regard, however, the error was harmless because the ALJ gave other specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. Yun's opinion. *See Carmickle v. Comm'r Soc. Sec.*, 553 F.3d 1155, 1162 (9th Cir. 2008).

or near normal. AR at 25-26. When symptoms increased, her medication was adjusted accordingly. *Id.* (citing *id.* at 512-33, 606-615, 987-1019). Additional records demonstrated that her anxiety was managed effectively and remained stable with medication. *Id.* (citing *id.* at 639-951). In 2023, evaluations noted cooperative behavior and normal attention, perception, mood, affect, and speech. *Id.* (citing *id.* at 1042-1611). These were valid reasons for the ALJ to discount Dr. Yun's opinion. *See Kitchen*, 82 F.4th at 740.

Although Plaintiff asserts ongoing mental health symptoms despite treatment, the cited records suggest otherwise. (Dkt. # 9 at 11.) For instance, telehealth session notes show clear speech, logical thought processes, appropriate affect, and orientation with good memory and fair concentration and insight. AR at 521-22. Additional notes from 2022 acknowledge persistent symptoms but indicate effective coping with treatment and helpful medications. *Id.* at 987-1019. Questionnaires and other notes further depict managing symptoms with medication and strategies like using Benadryl for panic attacks. *Id.* at 1275-76, 1583, 1625. While Plaintiff may disagree with the ALJ's interpretation, this disagreement does not invalidate the ALJ's reasonable conclusions. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence supports the ALJ's evaluation.[5]

### 3. Janice Edwards, Ph.D.

In October 2022, Dr. Edwards conducted a consultative psychological evaluation and opined that Plaintiff could not sustain concentration or persistence and was unable to interact with coworkers or the public. AR at 980-85. The ALJ found this opinion unpersuasive, noting it

---

[5] Because the ALJ provided specific and legitimate reasons supported by substantial evidence for discounting Dr. Yun's opinion, the Court does not address Plaintiff's argument that other reasons provided by the ALJ were not supported by the record (dkt. # 9 at 11). *See Carmickle*, 553 F.3d at 1162; *see also Woods*, 32 F.4th at 793 n.4.

relied heavily on subjective symptom reports and was inconsistent with the longitudinal record. *Id.* at 25.

Plaintiff argues the ALJ erred by discounting Dr. Edwards's opinion for being overly dependent on her testimony, asserting that Dr. Edwards based her conclusions on her own observations and examination findings. (Dkt. # 9 at 13.) Yet Dr. Edwards's mental status exam findings report that Plaintiff appeared appropriate, displayed a good attitude and behavior, had normal speech, unremarkable thought content, and demonstrated good attention and insight. AR at 982-83. Similarly, her cognitive exam findings revealed no deficiencies in orientation, memory, fund of knowledge, concentration, abstract thinking, or judgment. *Id.* at 983-84. The ALJ reasonably found these unremarkable findings did not support the severity of the limitations Dr. Edwards described. *Id.* at 26. Substantial evidence supports the ALJ's evaluation.[6] *See Ford*, 950 F.3d at 1154 (explaining that conflict between a doctor's medical opinion and treatment notes is a specific and legitimate reason for rejecting it).

    4.    *Valla Walker, Psy.D.*

In February 2023, Dr. Walker performed a psychological evaluation, noted Plaintiff's reports of depression, social anxiety, and avoidant strategies, and described Plaintiff as bright and capable with a strong desire to get better. AR at 1039. The ALJ found that Dr. Walker did not offer a functionally relevant opinion. *Id.* at 26. Plaintiff does not dispute this, but argues Dr. Walker's findings are consistent with Drs. Yun and Edwards's opinions. (Dkt. # 9 at 15.) As discussed above, however, the ALJ did not err in discounting these opinions. *See*

---

[6] Because the ALJ provided specific and legitimate reasons supported by substantial evidence for discounting Dr. Edwards's opinion, the Court does not address Plaintiff's argument that other reasons provided by the ALJ were not supported by the record (dkt. # 9 at 13-14). *See Carmickle*, 553 F.3d at 1162; *see also Woods*, 32 F.4th at 793 n.4.

ORDER - 8

*Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008). Substantial evidence supports the ALJ's evaluation of the medical opinion evidence.

### B. The ALJ Did Not Err in Evaluating Plaintiff's Testimony

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). That said, the ALJ is not required to believe every allegation, nor to analyze testimony line by line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is not whether this Court is convinced, but whether the ALJ's reasoning is clear enough to persuade. *Smartt*, 53 F.4th at 499.

Plaintiff first argues the ALJ erred by discounting her testimony due to the lack of objective evidence supporting the degree of limitations she alleged. (Dkt. # 9 at 16.) Although the absence of objective medical evidence cannot be the sole basis for rejecting subjective complaints, it is a relevant factor the ALJ can consider. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Because the ALJ gave other reasons for discounting Plaintiff's testimony, the ALJ did not err by also considering whether objective evidence supported her statements.

Turning to the other reasons, the ALJ found Plaintiff's generally conservative treatment and reported improvements with medication inconsistent with her claims of debilitating limitations. AR at 22-26. Inconsistent medical evidence, improvement with medication, and generally conservative treatment are valid factors for an ALJ to consider when assessing testimony about disabling limitations. *See, e.g.*, *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017); *Carmickle*, 533 F.3d at 1161; *see also* 20 C.F.R. § 416.929(c)(3).

The ALJ observed that Plaintiff reported her anxiety stabilized with medication, and treatment notes supported that her anxiety was generally well-managed. AR at 25 (citing *id.* at

ORDER - 9

644, 657). Following treatment for gastrointestinal and obesity conditions, Plaintiff described her stomach as "mostly fine," with no gas, bloating, or issues with bowel movements. *Id.* at 23 (citing *id.* at 587, 592). She also reported a decrease in migraine severity after starting Nurtec, and her medication was adjusted when symptoms increased. *Id.* at 24-25 (citing *id.* at 512-33, 606-15, 987-1019, 1118, 1124). Although Plaintiff argues the ALJ conflated "stable" with "symptom-free" (dkt. # 9 at 17), relying on evidence of improvement with treatment is appropriate even if the condition is not entirely resolved. *Smartt*, 53 F.4th at 500. As for Plaintiff's assertions about difficulty communicating, the ALJ referenced instances of normal or mostly normal mental status examinations, noting her good attention, perception, mood, affect, speech, and cooperation. *Id.* at 23, 25-26 (citing *id.* at 61, 1048).

Plaintiff further argues that the ALJ failed to consider the history of her impairments, her living situation, or her limited daily activities. (Dkt. # 9 at 17.) But the ALJ explicitly acknowledged her long-standing pain and that her activities included caring for birds, watching TV, and playing video games to manage anxiety. AR at 21, 23. The ALJ also noted her successful written driving test. *Id.* at 21. Even assuming the record may allow for multiple rational interpretations, the ALJ's conclusions were reasonable and supported by substantial evidence. *See Ford*, 950 F.3d at 1154; *Thomas*, 278 F.3d at 954.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this <u>2nd</u> day of June, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 10